Leon B. Silver (SBN: 012884)
Tony Salvatore (SBN: 033783)
**GORDON REES SCULLY MANSUKHANI, LLP**
Two North Central Avenue Suite 2200
Phoenix, AZ 85004
Telephone: (602) 794-2490
Facsimile: (602) 265-4716
lsiver@grsm.com
tsalvatore@grsm.com
*Attorneys for Defendant IC System, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pete Taylor,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>IC System, Inc.; Experian,<br><br>　　　　　　　Defendants. | CASE NO. 4:20-cv-00494-CKJ<br><br>**DEFENDANT'S ANSWER AND DEMAND FOR JURY TRIAL** |

Defendant IC System, Inc. ("Defendant") hereby responds on behalf of itself, and no other, to the Complaint of Plaintiff Pete Taylor ("Plaintiff") as follows:

1. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendant generally denies each and every allegation contained in the complaint except those expressly admitted below.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the items set forth in the prayer for relief.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred as against Defendant by 15 U.S.C. § 1692k(c).

2. Plaintiff's state law claims are barred as against Defendant by federal statutes, including 15 U.S.C. § 1692 et seq.

3. Plaintiff's Complaint is barred due to his failure to exhaust his

administrative remedies.

4. Plaintiff's Request for Relief violates the Eighth Amendment of U.S. Constitution.

5. Defendant is informed and believes and thereon alleges that the applicable statutes of limitation bar all claims for relief in the Complaint.

6. Defendant is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff and resulted from Plaintiff's own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Defendant.

7. The damages claimed by Plaintiff could have been mitigated with due diligence or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar to recovery under the Complaint.

8. The Complaint and each of its purported claims for relief are barred by the doctrine of estoppel.

9. The Complaint and each of its purported claims for relief are barred by the doctrine of laches.

10. The Complaint and each of its purported claims for relief are barred by the doctrine of unclean hands. Plaintiff's Complaint does not contend that the subject debt is not owed, nor that the subject debt has been satisfied. As such, Plaintiff is in breach of the agreement with the credit originator, and but for the breach of that agreement Defendant would not have communicated with Plaintiff.

11. The Complaint and each of its purported claims for relief are barred by the doctrine of waiver.

12. Defendant alleges that at all times it acted in good faith and with good cause. The conduct of Defendant was within the reasonable expectations of the parties and was reasonably related to Defendant's legitimate business interests upon the basis of reasonable factors.

13. The Complaint, fails to state facts sufficient to constitute a cause of action

against Defendant relative to the content of the alleged communications and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever, from Defendant.

14. Defendant is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiffs are the result of the acts or omissions of third persons over whom Defendant had neither control nor responsibility, and whom Plaintiff has failed to name in this action.

15. Defendant alleges that the Complaint does not describe the alleged actions with sufficient particularity to permit it to ascertain what other defenses may exist at this time. Defendant therefore reserves the right to assert all defenses that may pertain to the Complaint as the facts of the case are discovered.

**WHEREFORE**, Defendant prays as follows:

1. Plaintiff takes nothing by way of her Complaint herein and that this action is dismissed in its entirety;

2. For Defendant's attorney's fees and costs incurred herein;

3. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Defendant demands a trial by jury in this action.

Dated this 16th day of November 2020.

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Tony Salvatore*
    Leon B. Silver
    Tony Salvatore
    *Attorneys for Defendant*
    *IC System, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2020, I transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and I transmitted the foregoing document to the Pro Se Plaintiff, via the U.S. Mail.

    Pete Taylor
    500 S. Carmichael Ave.
    Sierra Vista, AZ 85635
    Peteclare17@gmail.com
    *Pro Se Plaintiff*

/s/ *S. Berry*