Jennifer Ann Filipiak (Ill. Bar No. 6315340)
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180 (phone)
(630) 575-8188 (fax)
Email: jmclaughlin@sulaimanlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Pete C. Taylor, <br><br> Plaintiff, <br><br> v. <br><br> IC System, Inc., <br><br> Defendant. | Case No. 4:20-cv-00494-CKJ <br><br> **MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

**NOW COMES** Plaintiff PETE C. TAYLOR ("Plaintiff"), by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 15(a)(2), bringing this Motion for Leave to File First Amended Complaint, and in support thereof, stating as follows:

1. On October 7, 2020, Plaintiff filed a *pro se* complaint in the Superior Court of Arizona in Cochise County against Defendant IC System, Inc. ("Defendant") seeking redress under various consumer protection statutes.

2. Plaintiff's claims arise from Defendant's alleged abusive debt collection practices. Specifically, Plaintiff alleges that Defendant falsely reported a debt owed by a third party as belonging to Plaintiff to the credit reporting agencies in an effort to compel payment on the debt.

3. On November 9, 2020, Defendant removed the case to the United States District Court of Arizona. [Dkt. 1]

4. On November 16, 2020, Defendant filed an answer to Plaintiff's complaint. [Dkt. 8]

5. On January 8, 2021, the Court set a case management conference for February 23, 2021. [Dkt. 10]

6. Since the filing of the initial complaint in state court, Plaintiff has retained counsel.

7. Now that Plaintiff is represented by counsel, Plaintiff is seeking leave to amend his complaint. *See* attached Exhibit A, a true and correct copy of Plaintiff's proposed First Amended Complaint.[1]

8. Pursuant to Fed. R. Civ. P. 15(a)(2), a court should freely give a party leave to amend its pleading when justice requires.

9. "Rule 15(a) declares that leave to amend 'shall be *freely* given when justice so requires'; this mandate is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added).

10. Here, no good cause exists to deny Plaintiff's request to amend his complaint.

11. Specifically, the amendment would not unduly prejudice Defendant because this litigation is in its early stages.

12. Moreover, the amendment will not impact any deadlines previously set by the Court.

13. Accordingly, the interests of justice dictate that Plaintiff should be afforded the opportunity to amend his complaint.

---

[1] Plaintiff is cognizant of Local Rule 15.1(a) which requires that the proposed amended pleading mark the deviations from the original pleading. Plaintiff was unable to comply with this requirement because the original pleading was submitted as a non-electronic handwritten document. Accordingly, it was not possible for Plaintiff to comply with Local Rule 15.1(a).

14. Plaintiff seeks to amend his complaint in good faith and this is Plaintiff's first request to amend his complaint.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an order granting Plaintiff leave to file his First Amended Complaint and grant any further relief the Court deems just and proper.

Dated: February 11, 2021                                    Respectfully submitted,

/s/ *Jennifer Ann Filipiak*
Jennifer Ann Filipiak, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Ave., Ste. 200
Lombard, IL 60148
Phone (630)575-8180
jmclaughlin@sulaimanlaw.com

**CERTIFICATE OF SERVICE**

I, Jennifer Ann Filipiak, certify that on February 11, 2021, I caused the foregoing to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

/s/ *Jennifer Ann Filipiak*