# Exhibit A

Jennifer Ann Filipiak (Ill. Bar No. 6315340)
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180 (phone)
(630) 575-8188 (fax)
Email: jmclaughlin@sulaimanlaw.com
*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Pete C. Taylor,<br><br>Plaintiff,<br><br>       v.<br><br>IC System, Inc.,<br><br>Defendant. | Case No. 4:20-cv-00494-CKJ<br><br>**FIRST AMENDED COMPLAINT** |

**NOW COMES** the Plaintiff, PETE C. TAYLOR ("Plaintiff"), by and through his undersigned counsel, complaining of the Defendant, IC SYSTEM, INC., as follows:

## NATURE OF THE ACTION

1.   Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.   Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.   PETE C. TAYLOR ("Plaintiff") is a consumer and natural person over 18-years-of-age, who at all times relevant, resided in Phoenix, Arizona.

1

5.   IC SYSTEM, INC. ("Defendant") maintains its principal place of business at 444 Hwy 96 E, Saint Paul, Minnesota 55127.

6.   Defendant specializes in debt collection and collects debts on behalf of others nationwide.

7.   Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because the principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

8.   In September 2020, Plaintiff discovered that Defendant is reporting a collection account on his credit report.

9.   In response, Plaintiff placed a phone call to Defendant on September 17, 2020.

10.   During this call, Plaintiff explained to Defendant's agent that Defendant was reporting a collection account on his credit reports.

11.   Defendant was unable to locate Plaintiff by his name or social security number.

12.   Defendant's agent then advised Plaintiff that the debt reporting on Plaintiff's credit report was a medical debt ("subject debt") incurred in Alabama and was  owed by a third party with a different name and a different social security number.

13.   After being notified that the subject debt did not belong to him, Plaintiff disputed the subject debt and requested that Defendant remove the subject debt from his credit reports.

14.   Despite Plaintiff's request that Defendant remove the subject debt from his credit reports, Defendant continued to credit report the subject debt as belonging to Plaintiff.

15.   Moreover, Defendant failed to notate on Plaintiff's credit reports that Plaintiff disputed the subject debt.

16.   As a result of Defendant's erroneous credit reporting, Plaintiff's credit score has decreased.

2

17.   The decrease in Plaintiff's credit score has frustrated Plaintiff's ability to obtain credit.

18.   Plaintiff has further  suffered emotional distress and anxiety as a result of Defendant's erroneous credit reporting.

19.   Plaintiff was forced to file this lawsuit to compel Defendant to remove the subject debt from his credit reports.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20.   Plaintiff restates and realleges all previous paragraphs as though fully set forth herein.

21.   Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22.   Upon information and belief, the subject debt is a "debt" as defined by FDCPA §1692a(5) because the underling medical debt was incurred for personal, family, or household purposes.

   **a.   Violations of FDCPA 1692e(8)**

23.   Pursuant to §1692e(8), a debt collector is prohibited from "communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

24.   Defendant violated §1692e(8) by communicating credit information regarding Plaintiff to the credit reporting agencies which it knew or should have known to be false.

25.   Defendant further violated §1692e(8) by failing to communicate to the credit reporting agencies that Plaintiff disputed the subject debt.

26.   As set forth above, the subject account did not belong to Plaintiff and Defendant had actual knowledge of the same.

27.   Despite having actual knowledge that the subject debt did not belong to Plaintiff, Defendant continued to report the subject debt as belonging to Plaintiff, presumably in an effort to pressure Plaintiff to make payment on the subject debt so it can be removed from his credit reports.

3

1

2     **b**.  **Violations of FDCPA §1692f**

3     28.   Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or

4  unconscionable means to collect or attempt to collect any debt."

5     29.   Defendant violated §1692f by credit reporting the subject debt in an effort to compel

6  payment on a debt not owed by Plaintiff. Such conduct is inherently unfair and unconscionable and

7  violates the FDCPA.

8     **WHEREFORE** Plaintiff, PETE C. TAYLOR, requests that this Honorable Court:

9     a.  Declare that the practices complained of herein are unlawful and violate the aforementioned

10        statute;

11    b.  Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the

12        underlying FDCPA violations;

13    c.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k;

        and

14    d.  Award any other relief as this Honorable Court deems just and appropriate.

15

16                          **DEMAND FOR JURY TRIAL**

17    Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

18

19                                      Respectfully submitted,

20

21                                      /s/ *Jennifer Ann Filipiak*
                                        Jennifer Ann Filipiak, Esq.
22                                      *Counsel for Plaintiff*
                                        Sulaiman Law Group, Ltd.
23                                      2500 S. Highland Ave., Ste. 200
                                        Lombard, IL 60148
24                                      Phone (630)575-8180
                                        jmclaughlin@sulaimanlaw.com
25

26

27

28

4