1  Leon Silver (SBN: 012884)
   Tony Salvatore  (SBN:  033783)
2  Sean P. Flynn (CA SBN 220184)
   **GORDON REES SCULLY MANSUKHANI, LLP**
3  Two North Central Avenue Suite 2200
   Phoenix, AZ 85004
4  Telephone:  (602) 794-2490
   Facsimile:  (602) 265-4716
5  lsilver@grsm.com
   tsalvatore@grsm.com
6  sflynn@grsm.com
   *Attorneys for  Defendant IC System, Inc.*

7

8

9                    **UNITED STATES DISTRICT COURT**
                        **DISTRICT OF ARIZONA**
10

11   Pete C. Taylor,

12         Plaintiff,                        Case No.  4:20-cv-00494-CKJ

13         v.                                **DEFENDANT'S AMENDMENT TO THE**
                                             **JOINT REPORT[1]**
14   IC System, Inc.,

15         Defendant.

16

17

18   ─────────────────────
     [1] Due to a regretful oversight, Plaintiff's counsel did not circulate a proposed Joint Report to
19   Defendant's counsel of record until 11:26 a.m. CST on January 17, 2021. Plaintiff's counsel
     advised Defendant's counsel that the Joint Report was due on January 16, 2021. Plaintiff's counsel
20   requested that Defendant insert its position and proposed revisions no later than 5 p.m. CST on
     January 17, 2021. Defendant's lead counsel Sean P. Flynn ("Mr. Flynn") is on a family vacation
21   and advised Plaintiff's counsel that he would not be able to review the Joint Report on January 17,
     2021 and assured Plaintiff's counsel that he will send Defendant's insertions/revisions by 12 p.m.
22   EST on February 18, 2021. Based on Mr. Flynn's assurances, Plaintiff did not file a unilateral Joint
     Report on January 17, 2021. On 5:39 a.m. CST on January 18, 2021, Plaintiff's counsel received
23   an email from Mr. Flynn stating he now needs until 6 p.m. EST on January 18, 2021 to send
     Defendant's insertions/revisions. Plaintiff's counsel advised Mr. Flynn that Plaintiff is subject to a
24   Rule to Show Cause issued by the Court on February 17, 2021 and that any further delay would be
     prejudicial to Plaintiff and that Plaintiff has no choice but to submit a unilateral Joint Report.
25   Plaintiff's counsel made some revisions to the proposed Joint Report on February 18, 2021 and
     submitted the same for Mr. Flynn's review at 10:15 a.m. CST.  The Parties intend on filing an
26   Amended Joint Report once Mr. Flynn gets the opportunity to review the proposed Joint Report.
     Plaintiff's counsel extends a sincere apology to the Court for the inadvertent noncompliance with
27   the Court's January 8, 2021 Order.

28
                                        1

1. **The nature of the case, setting forth in a brief statement the factual and legal basis for Plaintiff's claims and Defendants' defenses:**

**Plaintiff:**

Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692. Plaintiff alleges that Defendant violated §1692e(8) of the FDCPA by reporting a medical debt on Plaintiff's credit reports that did not belong to him. Plaintiff alleges that despite his request that Defendant remove the subject debt from his credit reports, Defendant continued to credit report the subject debt as belonging to Plaintiff and failed to report to the credit reporting agencies that Plaintiff disputed the subject debt.

**Defendant:**

On October 10, 2020, Plaintiff filed this case in small claims court, in *pro se*.  Defendant timely removed the case on November 9, 2020.  On December 2, 2021, Plaintiff's Counsel, Jennifer Ann Filipiak, appeared in the matter for the first time.

On January 8, 2021, the Court calendared a Scheduling Conference for February 23, 2021.  On February 2, 2021, Counsel for Defendant requested a draft of the Joint Report.  None was provided.  Counsel for Defendant, Sean P. Flynn, and Counsel for Plaintiff, Mohammed Badwan[2], attempted to meet and confer on, February 5, but Mr. Badwan had to cancel.  The Parties rescheduled for February 8, but due to time zone issues, the Parties were not able to connect.  On February 10, Mr. Flynn followed up to reschedule the meet and confer.  Mr. Badwan asked about Friday February 12, but Mr. Flynn was completely booked in advance of his family vacation.

On February 11, 2021, Plaintiff filed a Motion for Leave to Amend the Complaint.  On January 17, 2021, the Court issued an OSC re: Failure to Prosecute.  The same day, Ms. Filipiak provided the first draft of the Joint Report.  Mr. Badwan asked for an immediate turn around on the document despite knowing Mr. Flynn was on a family vacation.  Mr. Flynn called Mr.

---

[2] No Pro Hac Vice Application appears to have been filed for Mr. Badwan.

Badwan on February 17 to explain the situation and did promise to get a draft to Plaintiff's

Counsel by Noon ET on January 18.  Unfortunately, Defense Counsel was not able to meet this

deadline and on the morning of January 18 informed Plaintiff's Counsel of same, and advised the

revised Joint Report would be provided by 6:00 pm ET.  This was not sufficient for Mr. Badwan

and he threatened to file the Joint Report without Defendant's input because Plaintiff's Counsel

was under a deadline from the Court's OSC.  Importantly, responding to the OSC and filing the

Joint Report are separate events.  Thus, the filing of the Joint Report, while needed in the near

future, was not going to satisfy Plaintiff Counsel's need to respond to the Court's OSC.

Despite this, on January 18, 2021, at 9:19 am MT, Mr. Badwan provided an updated draft

of the Joint Report, and Ms. Filipiak filed it 8 minutes later.

The allegations of Plaintiff's Complaint are vague and it is not clear what Plaintiff is

claiming.  For instance, Plaintiff appears to be alleging violations of the FDCPA and Arizona's

Credit Reporting statute, but Plaintiff also requests $2 Million for negligence, $1 Million for

unspecified fraud, and $3 Million for pain and suffering despite the fact that Plaintiff does not

claim any concrete injury anywhere in the Complaint nor does Plaintiff identify any mechanism

whereby they might recover for pain and suffering for purely emotional or dignitary harms. As

such, Plaintiff Lacks Standing.  Larkin v. Finance System at Green Bay, 982 F. 3d 1060 (7th Cir.

Dec. 14, 2020); Martinez v. Integrated Capital Recovery, LLC, et al., 2021 WL 124523 (E.D. Cal.

2021)

Plaintiff states simply that Defendant has attempted to collect a debt from Plaintiff which

is not in Plaintiff's name, and has failed to cooperate in various other ways with Plaintiff's

alleged attempts to resolve the situation.  Plaintiff makes these claims without any specific factual

allegations including supporting details, dates, amounts sought when defendant allegedly

contacted him, or any other information from which Defendant might verify the nature and extent

of its contact with Plaintiff.

In light of the foregoing, the actual scope of this case is not clear to Defendant, but based

on what is currently known to Defendant, however, it acted in compliance with applicable laws.

Thus, Plaintiff was not harmed by Defendant and Defendant is entitled to have judgment entered

in its favor, and against Plaintiff.

**2. A list of the elements of proof necessary for each count of the complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail. The list of the elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, United States Supreme Court cases, Ninth Circuit Court of Appeals case law, State of Arizona case law and statutory law, or other authority as dictated by the conflicts of law rules):**

**Plaintiff:**

Section 1692e(8) of the FDCPA prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

Plaintiff must prove (1) that Defendant is a "debt collector" as that term is defined by the FDCPA; (2) that the debt Defendant reported on Plaintiff's credit report is a "consumer debt" as that term is defined by the FDCPA; (3) that Defendant communicated credit information regarding Plaintiff to the credit reporting agencies which it knew or should have known to be false; and/or (4) that Defendant failed to communicate to the credit reporting agencies that Plaintiff disputed the debt.

Section 1692f of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt. Plaintiff alleges that Defendant's conduct as outlined above also violates §1692f of the FDCPA. Specifically, Plaintiff alleges that credit reporting the subject debt in an effort to coerce payment on a debt not owed by Plaintiff is inherently unfair and unconscionable and violates the FDCPA.

**Defendant:**

Whether Defendant can establish the *Bona Fide Error* defense, in the event Plaintiff is able to prove out any violation of the FDCPA.

4

**3. The factual and legal issues genuinely in dispute and whether they can be narrowed by stipulation or motions:**

**Plaintiff:**

1. Whether Defendant reported the subject debt as belonging to Plaintiff to the credit reporting agencies.

2. Whether Defendant knew or should have known that the subject debt does not belong to Plaintiff.

3. Whether Defendant notified the credit reporting agencies that Plaintiff disputed the subject debt.

**Defendant:**

1. Whether Defendant's conduct violated any portion of the FDCPA.

2. Whether Defendant's policies and procedures provide Defendant the *Bona Fide Error* defense.

**4. The jurisdictional basis for the case, describing the basis for the jurisdiction (see the accompanying footnote) and citing specific jurisdictional statutes:**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**5. The parties, if any, that have not been served, as well as parties which have not filed an answer or other appearance. Unless counsel can otherwise show cause, the joint report shall be accompanied by a stipulation and a form of order dismissing any party which has not been served, or a motion seeking default on any non-appearing party:**

All parties have been served. Defendant filed its Answer on November 16, 2020. On February 11, 2020, Plaintiff filed a Motion to Amend Complaint [Dkt. 11]. The Court has yet to rule on the Motion.

**6. The names of parties not subject to the Court's jurisdiction:**

None.

**7. Whether there are dispositive or partially dispositive issues to be decided by pre-trial motions and legal issues about which any pretrial motions are contemplated:**

**Plaintiff:**

None at this time.

**Defendant:**

Defendant reserves its right to file a motion for summary judgment.

**8. Whether the case is suitable for reference to arbitration, to a special master, or to a United States Magistrate Judge:**

Plaintiff does not believe the case is suitable for arbitration, special master, or to a United States Magistrate Judge.  Defendant agrees.

**9. The status of related cases pending before this Court and whether it is appropriate for any matters to be consolidated pursuant to LRCiv 42.1(a):**

None.

**10. A statement of when Initial Disclosures were made or will be made, any proposed changes in the requirements for Initial Disclosures set forth in Fed.R.Civ.P. 26(a) or, if applicable, of the stipulation to set a different time or objection to initial disclosures. Objections shall be made in the manner required by Fed.R.Civ.P. 26(a)(1).**

Plaintiff proposes that the Parties exchange Initial Disclosures by March 9, 2021.

Defendant agrees.

**11. Suggested changes, if any, in the limitations on discovery imposed by Fed.R.Civ.P. 26(b)(2):**

Plaintiff believes that no limitations should be imposed.

Defendant believes since this was a Small Claims Court Case, the Parties should be limited to 5 Interrogatories, 5 Requests to Produce, 10 Requests for Admission, 2 Fact Witness Depositions, and no Expert Witnesses.

**12. The scope of discovery, when discovery should be completed, and whether discovery should be conducted in phases or should be limited to or focused upon particular issues. For example, where dispositive motions will be filed (e.g., motions for summary judgment or a defense relying on the statute of limitations), counsel should consider limiting discovery to the issue at hand until the Court has ruled on the motion;**

a. The extent, nature, and location of discovery anticipated by the parties:

**Plaintiff:** Plaintiff submits that written and oral discovery will be necessary and that discovery should not be conducted in phases. Plaintiff proposes a discovery deadline of August 16, 2021.

**Defendant:**

Given the ambiguity in the pleadings, it is hard for Defendant to provide a well-reasoned response.

b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure:

Plaintiff submits that no discovery limitations should be imposed.

**Defendant:**

As set forth above, the number of Discovery devices should be limited.

**c. The number of hours permitted for each deposition, unless extended by agreement of the parties.**

Plaintiff proposes 7 hours for each deposition.

Defendant agrees.

**13. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced (*see* Fed.R.Civ.P. 16(b)(5), 26(f)(3)):**

Plaintiff does not anticipate any issues pertaining to electronically stored information.

Defendant agrees.

**14. A discussion of any issues relating to claims of privilege or work product (*see* Fed.R.Civ.P. Rule 16(b)(6), 26(f)(4)):**

Plaintiff does not anticipate any issues relating to claims of privilege or work product. In the event there is a dispute, the parties will work amicably to resolve any issues.

Defendant agrees.

**15. Proposed deadlines for:**

**a . Initial disclosures required by Fed.R.Civ.P. 26(a)(1):**

Plaintiff proposes **March 9, 2021.**

1    Defendant agrees.

2    **b. Addition of parties or amending complaint:**

3    Plaintiff proposes March 23, 2021

4    Defendant agrees.

5    **c. Discovery (if the parties believe that discovery will require more than 180 days,**

6    **counsel MUST provide an explanation showing why, in the instant case, a lengthier period**

7    **for discovery is necessary:**

8    Plaintiff proposes August 16, 2021.

9    Defendant agrees.

10   **d. Disclosure of initial expert testimony and rebuttal expert testimony pursuant to**

11   **Fed.R.Civ.P. 26(a)(2)(C):**

12   Plaintiff does not anticipate that experts will be needed.

13   Defendant agrees.

14   **e. Disclosure of witness list:**

15   Plaintiff proposes September 16, 2021

16   Defendant agrees.

17   **f. Filing dispositive motions:**

18   Plaintiff proposes September 30, 2021

19   Defendant agrees.

20   **g. Filing pre-trial statement:**

21   Plaintiff proposes December 13, 2021

22   Defendant agrees, and;

23   **h. Filing of settlement status reports:**

24   Plaintiff proposes July 30, 2021

25   Defendant agrees.

26   **16. Counsel shall disclose what evidentiary hearings, such as *Daubert*, will be**

27   **required and when such hearing should be held:**

28   Plaintiff does not anticipate any evidentiary hearings will be required.

8

Defendant agrees.

**17. Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial:**

Plaintiff anticipates the case will be ready for trial in January 2022 and that the trial will last 2 days.

Defendant anticipates the case will be ready for Trial during Fall/Winter 2021, and will last 1 day.

18**. Whether a jury trial has been requested and whether the request for jury trial is contested:**

Plaintiff has requested a jury trial and does not anticipate that the jury demand will be contested.

Defendant agrees.

**19. The prospects for settlement, specifically addressing the parties' wishes for a settlement conference and addressing any other way the Court can facilitate settlement:**

Plaintiff is interested in settlement and will make a settlement demand if Defendant expresses interest in settlement.

Defendant is open to reasonable settlement discussions, but Plaintiff's Counsel has not indicated any interest in an early resolution.

**20. Any unusual, difficult, or complex problems affecting the conduct of the case or which would require the case to be placed on the complex track for case management purposes pursuant to LRCiv 16.2:**

None

\\\
\\\
\\\
\\\
\\\
\\\

1    **21. Any suggestions to expedite the disposition of this matter.**

2        None at this time.

3    Dated: February 18, 2021

4                                                    GORDON REES SCULLY MANSUKHANI,
5                                                    LLP

6                                            By:    */s/ Sean P. Flynn* _____
                                                    Sean P. Flynn
7                                                   Attorneys for Defendant
                                                    IC System, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28