1   Leon Silver (SBN: 012884)
    *lsilver@grsm.com*
2   Tony Salvatore (SBN: 033783)
    *tsalvatore@grsm.com*
3   Sean P. Flynn (NV SBN: 15408)
    *sflynn@grsm.com*
4   **GORDON REES SCULLY MANSUKHANI, LLP**
    Two North Central Avenue, Suite 2200
5   Phoenix, AZ 85004
    Telephone:  (602) 794-2490
6
    *Attorneys for Defendant*
7   IC System, Inc.

8

9                   **UNITED STATES DISTRICT COURT**

10                 **FOR THE DISTRICT OF ARIZONA**

11

12  Pete Taylor, an Individual,          | Case No.:  4:20-cv-00494-CKJ

13                          Plaintiff,

14          vs.                            **MOTION TO DISMISS FOR FAILURE
                                           TO STATE A CLAIM; AND**
15  IC System, Inc., a Minnesota
    corporation,                          **REQUEST FOR JUDICIAL NOTICE**
16
                            Defendant.     **(ORAL ARGUMENT REQUESTED)**
17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
Two North Central Avenue Suite 2200
Phoenix, AZ  85004

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

Defendant, IC System, Inc. ("ICS"), by and through its counsel of record Gordon Rees Scully Mansukhani, LLP, hereby moves to dismiss the Complaint and action against it pursuant to Federal Rule of Civil Procedure Rule 12(b)(6), for failure to state a claim upon which relief can be granted. This Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION:

Plaintiff has alleged two claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA"). Plaintiff, however, has failed to state facts sufficient to state a claim upon which relief can be granted, and this lawsuit should be dismissed.

In the first instance Plaintiff has alleged that ICS told him he did not owe the debt. Thus, he is not a "consumer' under the statute. The crux of Plaintiff's complaint, however, is that ICS allegedly reported a debt that does not belong to Plaintiff on his credit report. This is a factual impossibility. Because of these reasons, Plaintiff's complaint should be dismissed, *with prejudice*.

### II.   PROCEDURAL BACKGROUND:

On October 7, 2020, Plaintiff filed this action in the Arizona Small Claims Court in the County of Cochise. [Dkt. 1-2.] On November 9, 2020, Defendant timely removed this matter to this Court. [Dkt. 1.] On November 16, 2020, Defendant timely answered the original complaint. [Dkt. 8.]

On December 2, 2020, Plaintiff's Counsel appeared in this matter on behalf of Plaintiff by way of a Pro Hac Vice motion. [See gen. Docket Remark] No motion appears to have ever actually been filed.

On February 11, 2021, Plaintiff's Counsel filed a motion for leave to file a first amended complaint. [Dkt. 11.] On March 5, 2021, ICS filed its notice of non-opposition, but reserved the right to file a motion to dismiss. [Dkt. 19.] On May 25, 2021, this Court granted Plaintiff's motion for leave to file a first amended complaint.

1   [Dkt. 21.]  On June 4, 2021, Plaintiff filed his first amended complaint.  [Dkt. 22.]

2   **III.   FACTUAL ALLEGATIONS:**

3   Plaintiff alleges that in September 2020 he discovered ICS was reporting a

4   collection account on his credit report. [Dkt. 22, ¶ 8.][1]  Plaintiff does not say, however,

5   what the collection account was for; i.e., credit card debt, student loan, car loan,

6   telephone bill, etc.  Nor does Plaintiff state on which credit report this collection account

7   appeared; i.e., Experian, Trans Union, and/or Equifax.  These facts all are presumably

8   within Plaintiff's knowledge.

9   Then, Plaintiff alleges on September 17, 2020, he spoke with ICS who told him

10  the debt was a medical debt, but that it belonged to someone other than him.  [*Id*. at ¶¶

11  9-12.]  The term "consumer" means any natural person obligated or allegedly obligated

12  to pay any debt. 15 U.S. Code § 1692a(3).  Noticeably absent from Plaintiff's FAC is

13  any allegation that ICS ever contended Plaintiff is obligated to pay the subject debt.

14  Plaintiff next alleges that he disputed the debt and requested deletion, but ICS

15  refused and failed to even notate the debt as disputed.  [*Id*. at ¶¶ 13-15.]  Plaintiff fails,

16  however, to identify when he noticed the debt was still reporting, or on which credit

17  reports.  Again, these are facts within Plaintiff's knowledge.

18  Finally, Plaintiff concludes that because of ICS, his credit score has decreased;

19  his ability to obtain credit was harmed; and he was emotionally disturbed as a result.

20  [*Id*. at ¶¶ 16-18.]  Plaintiff again, however, does not state what the score decrease was,

21  that he was denied any credit applications *because* of ICS' alleged reporting, or what

22  was the nature of his allege emotional distress.  In other words, these are purely bald

23  conclusions.

24

25

26  _____

27  [1] It is a common misconception to say a Data Furnisher, such as ICS, reported any trade line to
    any specific consumers account.  https://files.consumerfinance.gov/f/201212_cfpb_credit-

28  reporting-white-paper.pdf, *see* § 5.0, page 21-22.  Rather, it is the credit reporting agency that
    assigns a tradeline to a specific consumer's account.

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

**IV.   LEGAL ARGUMENTS:**

    **A.   Legal Standards.**

Federal Rule of Civil Procedure 8 states a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" *Fed. R. Civ. Proc.* 8(a)(2).  But, Federal Rules of Civil Procedure, Rule 12 authorizes a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"  *Fed. R. Civ. Proc.* 12(b)(6).

While brevity in a pleading is required, it is not enough simply to allege that a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly* (2007) 550 US 544, 555 (internal quotes omitted); *Swierkiewicz v. Sorema N.A.* (2002) 534 US 506, 513 (same); and *Oliver v. Ralphs Grocery Co.* (9th Cir. 2011) 654 F3d 903, 908.  This requirement "serves to prevent costly discovery on claims with no underlying factual or legal basis." *Migdal v. Rowe Price-Fleming Int'l, Inc.* (4th Cir. 2001) 248 F3d 321, 328 ("plaintiffs cannot simply promise the court that once they have completed discovery, something will turn up.")

Further, the Supreme Court has expressly rejected a rule first stated in *Conley v. Gibson* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" *Conley v. Gibson* (1957) 355 US 41, 45-46. In fact, the Supreme Court held this "no set of facts" language "has earned its retirement" and "is best forgotten."  *Bell Atlantic Corp. v. Twombly*, *supra*, 550 US at 562.

In addition to providing "fair notice" of the claim, a pleading's factual allegations must show "that the pleader is entitled to relief."  To do so, the pleading must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, *supra*,  550 US at 570; *Johnson v. City of Shelby, Miss.* (2014) 574 US 10, 12 (*Twombly/Iqbal* require that a plaintiff "plead facts sufficient to show that [the] claim

has substantive plausibility.")  This pleading rule requires that a party "demonstrate the plausibility, as opposed to conceivability, of its causes of action in the complaint." *Nuveen Mun. Trust ex rel. Nuveen High Yield Mun. Bond Fund v. WithumSmith Brown, P.C.* (3rd Cir. 2012) 692 F3d 283, 303; *see also Levin v. Miller* (7th Cir. 2014) 763 F3d 667, 671 (*Twombly/Iqbal* "wrote that judges may bypass implausible allegations and insist that complaints contain enough detail to allow courts to separate fantasy from claims worth litigating").

The purpose of the plausibility requirement is "to prevent settlement extortion - using discovery to impose asymmetric costs on defendants in order to force a settlement advantageous to the plaintiff regardless of the merits of his suit." *Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Med. Ctrs. Retirement Plan v. Morgan Stanley Investment Mgmt. Inc.* (2nd Cir. 2013) 712 F3d 705, 719; *Atieh v. Riordan* (1st Cir. 2013) 727 F3d 73, 76 ("The plausibility standard is a screening mechanism designed to weed out cases that do not warrant either discovery or trial"); *Bell Atlantic Corp. v. Twombly, supra*, 550 US at 558-559; *see also Somers v. Apple, Inc.* (9th Cir. 2013) 729 F3d 953, 966 ("specificity of facts is warranted before permitting a case to proceed into costly and protracted discovery in an antitrust case.")

Plausibility is not "akin" to probability "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678.  If a claim sets forth facts that are "merely consistent with" defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal, supra*, 556 U.S. at 678 (quoting *Bell Atlantic v. Twombly* (2007) 550 U.S. 544, 570 (2007)).  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal, supra*, 556 US at 678-79.  "A claim has facial

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

1    plausibility when the plaintiff pleads factual content that allows the court to draw the

2    reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3    "[L]abels and conclusions" or "a formulaic recitation of the elements of a cause of

4    action will not do." *Bell Atlantic Corp. v. Twombly, supra,* 550 US at 555.

5          **B.    Judicial Notice.**

6          For purposes of a Rule 12(b)(6) motion a court can "augment" the facts and

7    inferences from the body of the complaint with "matters of public record, and facts

8    susceptible to judicial notice." *Haley v. City of Boston* (1st Cir. 2011) 657 F3d 39, 46;

9    *Coto Settlement v. Eisenberg* (9th Cir. 2010) 593 F3d 1031, 1038.  This Court may take

10   judicial notice of facts "not subject to reasonable dispute because it [. . . ] (2) can be

11   accurately and readily determined from sources whose accuracy cannot reasonably be

12   questioned." *Fed. R. Evid*. 201(b)(2).

13         Here, pursuant to Federal Rule of Evidence 201(b)(2), Defendant asks this Court

14   to take Judicial Notice of the U.S. Consumer Financial Protection Bureau's 2012 Key

15   Dimensions and Processes in the U.S. Credit Reporting System: A review of how the

16   nation's largest credit bureaus manage consumer data, wherein at section 5.0 on pages

17   21-22, the CFPB explains how credit reporting works relative to the assignment of trade

18   lines to individual credit report – a subject matter which is central to the allegations of

19   Plaintiff's first amended complaint and not subject to any reasonable dispute since the

20   document comes from a federal agency charged with promulgating rules and regulations

21   for, *inter alia*, credit reporting.

22         In relevant part, the CFPB explains:

23               Once the NCRAs have received trade line information from a
                 furnisher they must assign it to a specific consumer's identity.
24               . . . In a typical month, an NCRA receives updates on over 1.3
                 billion trade lines.54 With this much information included in
25               and added to their databases, the NCRAs face technical and
                 operational challenges in attributing information to the proper
26               consumer's file.

27               …

28               Typically, the furnisher reports the personally identifying

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

information that was provided by the consumer in the consumer's original application for credit or through updates (such as for current address or married name) that a consumer may provide in the course of his or her relationship with the furnisher.

…

Once a trade line has passed the NCRAs' initial vetting and screening, the NCRAs assign or post that trade line to the credit file of a specific consumer if they believe there is a match.

https://files.consumerfinance.gov/f/201212_cfpb_credit_reporting-white-paper.pdf, see § 5.0, page 21-22 (last visited on June 16, 2021).

### C.   Plaintiff Failed to State a Claim Under 15 U.S.C. § 1692e(8).

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e. Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.  15 U.S.C. § 1692e(8).

In order to state a claim under 15 U.S.C. § 1692e(8), a plaintiff must allege:

1.   A Debt Collector[2];

2.   communicated[3], or threatened to communicate,

3.   to a third party;

4.   credit information concerning a Consumer[4];

5.   that the Debt Collector knew, or should have known, was false; including the failure to communicate that a disputed debt is disputed.

Here, Plaintiff has effectively pled himself out of being able to assert this claim. As stated *infra*, Plaintiff alleged on September 17, 2020, he spoke with ICS who told him the debt belonged to someone other than him.  [*Id*. at ¶¶ 9-12.]   The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

---

[2] 15 U.S.C. 1692a(6)
[3] 15 U.S.C. 1692a(2)
[4] 15 U.S.C. 1692a(3)

Gordon Rees Scully Mansukhani, LLP
Two North Central Suite 2200
Phoenix, AZ 85004

15 U.S. Code § 1692a(3).  Noticeably absent from Plaintiff's first amended complaint is any allegation that ICS ever contended Plaintiff is obligated to pay the subject debt, or that ICS ever threatened Plaintiff with communicating credit information to any third party.

Also, it is an indisputable fact that ICS did not report the subject debt to Plaintiff's credit report.  As the CFPB has stated, furnisher's like ICS submit trade line information to credit reporting agencies, and the credit reporting agencies decide to which credit report the trade line information should be assigned.

Thus, Plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted, and this claim should be dismissed.

### D.   Plaintiff Failed to State a Claim Under 15 U.S.C. § 1692f.

The FDCPA prohibits a debt collector from using any "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

> Section 1692f "serves a backstop function, catching those 'unfair practices' which somehow manage to slip by §§ 1692d & 1692e." *Edwards v. McCormick*, 136 F. Supp. 2d 795, 806 (S.D. Ohio 2001).  Given this purpose, "courts have dismissed claims under 15 U.S.C. § 1692f where such claims are based on facts that are also the basis for another more specific FDCPA claim." *Martin v. Target Card Servs.*, No. CV 17-5372 PA (MRWx), 2018 WL 2723258, at *5 (C.D. Cal. Apr. 24, 2018). *See, e.g., Lake v. Consumer Adjustment Co., Inc.*, No. 4:15-CV-01495-JCH, 2015 WL 8770719, at *4 (E.D. Mo. Dec. 14, 2015) (dismissing a plaintiff's claim under Section 1692f which arose from the same set of factual allegations as his Section 1692e claim); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (holding that the plaintiffs' Section 1692f claim was deficient where the plaintiffs did not "identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA."); *Turner v. Prof'l Recovery Servs., Inc.*, 956 F. Supp. 2d 573, 580-81 (D.N.J. 2013) (granting summary judgment for defendant on § 1692f claim based entirely on alleged conduct encompassed by Sections 1692c(a)(1) and 1692d of the FDCPA).

*Muzyka v. Rash Curtis & Assocs.*, No. 2:18-CV-01097 WBS, 2019 WL 2869114, at *6 (E.D. Cal. July 3, 2019); *see also, Rush v. Portfolio Recovery Assoc., LLC*, 977 F.Supp. 2d 414, 432 (D.N.J. 2013)

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

In *Sussman v. I.C. System, Inc.*, 928 F.Supp.3d 784, 797 (S.D.N.Y. 2013), the court determined the plaintiff's Section 1692f claim was deficient "because his allegations fail to 'identify any misconduct beyond that which Plaintiff[] assert[s] violate[s] other provisions of the FDCPA.'" (*quoting Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006).

Similarly, in *Ashlund v. I.C. System, Inc.*, No. 3:17CV65 (JBA), 2018 WL 3448163 (D. Conn. July 17, 2018) that Court recognized:

> Courts have dismissed Section 1692f claims that do "not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA." *Id.*; *see also May v. Asset Acceptance LLC*, No. 11-CV-525S, 2013 WL 1337173, at *7 (W.D.N.Y. Mar. 29, 2013). Here, Plaintiff's claim that Defendant's calls qualified as unconscionable behavior under Section 1692f is based on the same alleged conduct as Plaintiff's Sections 1692d and d(5) claims and similarly is dismissed.

*Ashlund v. I.C. System, Inc.,* No. 3:17CV65 (JBA), 2018 WL 3448163, at *5 (D. Conn. July 17, 2018).

Here, Plaintiff does not identify any misconduct beyond that which he alleges violated other FDCPA provisions.  In fact, Plaintiff specifically alleges the conduct that serves as the basis for his Section 1692f claim is the credit reporting of the subject debt. [Dkt. 22, ¶ 29.]  This is the same alleged conduct that serves as the basis for Plaintiff's Section 1692d claim.  [*Id.* at ¶¶ 23-27.]

Thus, Plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted, and this claim should be dismissed.

## V.    **CONCLUSION:**

As demonstrated above, Plaintiff has failed to state facts sufficient to state a claim upon which relief can be granted.  Plaintiff failed to allege he was a consumer under the FDCPA, and failed to allege that ICS did, or threatened, to communicate the debt to a third party.  Moreover, the CFPB has clearly taken the position that furnisher's like ICS do not report trade lines to specific credit reports.  Rather, the credit reporting agencies make an independent assessment of whose credit report particular trade lines

Gordon Rees Scully Mansukhani, LLP
Two North Central Avenue Suite 2200
Phoenix, AZ 85004

are assigned – and thus mistakes, by the credit reporting agencies, will be made.  Lastly, Plaintiff's 1692f claim is unsupported by any independent allegations of wrongdoing.

Thus, ICS requests Plaintiff's first amended complaint be dismissed in its entirety, *with prejudice*.


Dated: June 21, 2021

**GORDON REES SCULLY MANSUKHANI, LLP**


By:   *s/Sean P. Flynn*_____
      Leon Silver
      Tony Salvatore
      Sean P. Flynn
      *Attorneys for Defendant*
      IC System, Inc.