**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Pete Taylor,

    Plaintiff,

vs.

IC System Incorporated, et al.,

    Defendants.

No. CIV 20-494-TUC-CKJ

**ORDER**

Pending before the Court is the Motion to Dismiss for Failure to State a Claim and Request for Judicial Notice (Doc. 23) filed by IC System Incorporated ("ICS"). Plaintiff Pete Taylor ("Taylor") has filed a response (Doc. 27) and ICS has filed a reply (Doc. 29). Oral argument has been requested. Because the parties have thoroughly presented the facts and briefed the issues, the Court declines to set this matter for oral argument. See LRCiv 7.2(f); 27A Fed.Proc., L. Ed. § 62:361 (March 2021) ("A district court generally is not required to hold a hearing or oral argument before ruling on a motion.").

*Factual and Procedural Background*

On June 4, 2021, Taylor filed an Amended Complaint ("Am. Comp.") in this case.[1] The Am. Comp. alleges that Taylor discovered ICS was reporting a collection account on Taylor's credit report. Taylor called ICS on September 17, 2020, and informed ICS's agent that ICS was reporting a collection account on his credit reports. After being unable to

---

[1] Unless otherwise stated, the facts are taken from the Complaint (Doc. 1).

locate Taylor by his name or social security number, ICS's agent advised Taylor that the debt reporting on Taylor's credit report was a medical debt ("the Debt") incurred in Alabama and was owed by a third party with a different name and a different social security number.

Taylor then disputed the Debt and requested ICS remove the Debt from his credit reports.  ICS continued to credit report the Debt as belonging to Taylor.  ICS also failed to notate on ICS's credit reports that Taylor disputed the Debt.  Taylor's credit score has decreased as a result of ICS's erroneous credit reporting, which has frustrated Taylor's ability to obtain credit.  Taylor also alleges he has suffered emotional distress and anxiety as a result of ICS's erroneous credit reporting.

The Am. Comp. alleges violations of  15 U.S.C. §§ 1692e(8) and 1692f, under the Federal Debt Collections Practices Act ("FDCPA").

On June 21, 2021, ICS filed a Motion to Dismiss for Failure to State a Claim and Request for Judicial Notice (Doc. 23).[2]  A response (Doc. 27) and a reply (Doc. 29) has been filed.

*Request for Judicial Notice of the U.S. Consumer Financial Protection Bureau's 2012 Key Dimensions and Processes in the U.S. Credit Reporting System ("CFPB Report")*

ICS requests the Court take judicial notice of the CFPB Report.  This report is available on an official website of the United States government.  *See*, https://www.consumerfinance.gov/data-research/research-reports/key-dimensions-and-processes-in-the-u-s-credit-reporting-system/.  The Court finds it appropriate to take judicial notice of this document.  *Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 727 (9th Cir. 2015), *citations omitted* (the Court may take judicial notice of "official information posted on a governmental website, the accuracy of which [is] undisputed"); *Gerritsen v. Warner Bros.*

---

[2]The Motion to Dismiss points out that Taylor's counsel appeared in this matter "by way of a Pro Hac Vice motion. [See gen. Docket Remark] No motion appears to have ever actually been filed."  Motion (Doc. 23, ECF p. 2).  Similarly, Sean Patrick Flynn has appeared in this matter on behalf of ICS.  Pursuant to administrative policy of the Clerk of Court, motions filed by each of these attorneys have not been docketed.

1  *Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (the court can take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies), *citations omitted*. The Court will grant ICS's request.

*Requirement to State a Claim upon Which Relief Can Be Granted*

A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a). A complaint must set forth a set of facts that serves to put defendants on notice as to the nature and basis of the claim(s). The United States Supreme Court has found that a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Id.* 555; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss[.]"). Further, Fed.R.Civ.P. 8(a)(2) requires a showing that a plaintiff is entitled to relief "rather than a blanket assertion" of entitlement to relief. *Twombly*, 127 S.Ct. at 1965 n. 3. The complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right to action." *Id.* 1965.

The Court considers the Am. Complaint in light of *Twombly* and must determine if Plaintiffs have "nudge[d] [the] claims across the line from conceivable to plausible." *Id.* 570. The Court also considers that the Supreme Court has cited *Twombly* for the traditional proposition that "[s]pecific facts are not necessary [for a pleading that satisfies Rule 8(a)(2)]; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardue*, 551 U.S. 89, 93 (2007). Indeed, *Twombly* requires "a flexible 'plausibility standard,' which obliges a pleader to amplify a

claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007); *see also Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief)."

This Court must take as true all allegations of material fact and construe them in the light most favorable to Taylor. *See Cervantes v. United States*, 330 F.3d 1186, 1187 (9th Cir. 2003). In general, a complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds*, 457 U.S. 800. Nonetheless, the Court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

If a court determines that dismissal is appropriate, a plaintiff must be given at least one chance to amend a complaint when a more carefully drafted complaint *might* state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991). Moreover, when dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132 (9th Cir. 1987).

*Alleged Violations of FDCPA § 1692e(8)*

The FDCPA states a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This includes a requirement that a debt collector not "[c]ommunicat[e] or threaten[] to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

ICS argues Taylor has failed to state a claim for violations of this statute because he

ha not adequately alleged he was a consumer.  ICS asserts the Am. Comp. does not include "any allegation that ICS ever contended Plaintiff is obligated to pay the subject debt, or that ICS ever threatened Plaintiff with communicating credit information to any third party."  Motion (Doc. 23, ECF p. 8).  However, the inference raised in the Am. Comp. is that because a debt communicated by ICS erroneously is attributed to Taylor, ICS communicated a debt incurred by Taylor. *See Moss*, 572 F.3d at 969 ("the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief").  Indeed, as recognized by another district, the statutory language defining a debt collector which references "debts owed or due or *asserted to be owed or due* another," 15 U.S.C. § 1692a(6), *emphasis added*, "strongly suggests that Congress intended the FDCPA to protect consumers who were subjected to collection efforts for obligations they did not owe."  *Davis v. Midland Funding, LLC*, 41 F. Supp. 3d 919, 924 (E.D. Cal. 2014).

ICS also argues that it did not report the subject debt to Plaintiff's credit report. ICS points out that the judicially noticed CFPB Report indicates "furnisher[]s like ICS submit trade line information to credit reporting agencies, and the credit reporting agencies decide to which credit report the trade line information should be assigned." Motion (Doc. 23, ECF p. 8).  Moreover, while the Am. Comp. does allege ICS "continued to credit report the subject debt as belonging to [Taylor][,]" Am. Comp. (Doc. 22, p. 2), it does not specifically allege ICS originally communicated information regarding a debt as to Taylor.  In effect, ICS acknowledges that it "communicated . . . to [credit agencies] credit information." 15 U.S.C. § 1692e(8).  However, there is no allegation or acknowledgement that the communication was in reference to Taylor.  Indeed, under the allegations presented in the Am. Comp. it is entirely possible ICS communicated information regarding the Debt in reference to someone else and a credit reporting agency incorrectly designated the Debt as owed by Taylor, with ICS subsequently confirming the erroneous designation.  Inferences raised by non-conclusory allegations do not plausibly suggest a claim against ICS for which

Taylor can obtain relief. The Court finds Taylor has failed to state a claim against ICS for communicating to any person credit information which is known or which should be known to be false regarding Taylor.

Taylor also asserts "any subsequent reporting of the alleged debt after [Taylor] disputed said debt was required to state that [Taylor] disputed the debt" and that the CFPB Report does not relieve ICS from its requirement to correct inaccurate information. Response (Doc. 27, p. 5). Taylor has alleged ICS knew or should have known that the Debt did not belong to Taylor and that ICS failed to communicate to the credit reporting agencies that Taylor disputed the Debt in violation of §1692e(8). However, Taylor has not alleged any facts to establish or provided any authority that requires ICS to "correct" or "notate" a disputed debt that it did not originally attribute to Taylor.[3] The Court finds Taylor has failed to state a claim upon which relief can be granted.

Although Taylor has already filed an amended complaint, the filing was without benefit of the Court providing reasons for the dismissal to allow Taylor to make an intelligent decision whether to file an amended complaint. The Court finds a more carefully drafted and factually inconclusive complaint may be able to state a claim upon which relief can be granted. Therefore, the Court will dismiss this claim without prejudice.

*Alleged Violations of FDCPA § 1692f*

Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Taylor alleges ICS's conduct of reporting the Debt in effort to compel payment on a debt not owed by Taylor is inherently unfair and unconscionable. While courts dismiss FDCPA claims where they are based on facts that are also the basis for another more specific FDCPA claim," *Martin v. Target Card*

---

[3] The Court notes Taylor has also not alleged sufficient facts to place ICS on notice as to the nature and basis of the claims. In theory, Taylor could have checked his credit report minutes after disputing the Debt, in effect giving ICS no time to communicate that Taylor disputed the Debt.

*Servs.*, No. CV 17-5372 PA (MRWx), 2018 WL 2723258, at *5 (C.D. Cal. Apr. 24, 2018), the Ninth Circuit has recognized one action can violate multiple sections of the FDCPA. *Clark v. Capital Credit & Collection Service*, 460 F.3d 1162, 1177 (9th Cir. 2006). As stated by another district court:

> "While 'misleading' practices under § 1692e and 'unfair' practices under § 1692f reference separate categories of prohibited conduct, they are broad, potentially overlapping, and are not mutually exclusive. A debt collector's action could be 'misleading' under § 1692e, 'unfair' under § 1692f, or, as alleged here, both. The distinct characteristics of § 1692e and § 1692f can also confirm one another."

*Ruvalcaba v. Ocwen Loan Servicing, LLC*, No. 15-CV-744-BAS-DHB, 2016 WL 7178855, at *5 (S.D. Cal. Dec. 9, 2016), *quoting Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 536 (6th Cir. 2014). The *Ruvalcaba* court allowed the potentially overlapping claims to proceed because the plaintiff had not only alleged defendant's actions were misleading, but also unfair. To any extent the Am. Comp. could be said to infer from its allegations that ICS originally communicated information regarding the Debt *as to Taylor*, it would be alleging false or misleading information. However, Taylor's Am. Comp. infers from its allegations that ICS's actions were unfair under §1602f because it was notified Taylor disputed the Debt and took no action to correct or notate the dispute, which caused problems to Taylor. Moreover, an inference is also raised that ICS did not adequately advise Taylor that it did not, if true, communicate information regarding the Debt as to Taylor. However, these allegations and inferences run into the same problem as Taylor's 1692e(8) claims: Taylor has not alleged any facts to establish or provided any authority that requires ICS to "correct" or "notate" a disputed debt that it did not originally attribute to Taylor. The Court finds Taylor has failed to state a claim upon which relief can be granted.

Although Taylor has already filed an amended complaint, the filing was without benefit of the Court providing reasons for the dismissal to allow Taylor to make an intelligent decision whether to file an amended complaint. The Court finds a more carefully drafted and factually inconclusive complaint may be able to state a claim upon which relief can be granted. Therefore, the Court will dismiss this claim without prejudice.

Accordingly, IT IS ORDERED the Request for Judicial Notice (Doc. 23) is GRANTED.

IT IS FURTHER ORDERED the Motion to Dismiss for Failure to State a Claim and Request for Judicial Notice (Doc. 23) is GRANTED IN PART AND DENIED IN PART. Taylor's Am. Comp. is DISMISSED WITHOUT PREJUDICE. Taylor may filed a Second Amended Complaint within thirty (30) days of the date of this Order. All causes of action alleged in the Am. Comp. which are not alleged in any Second Amended Complaint will be waived. Any Second Amended Complaint may not incorporate any part of the original complaint or Am. Comp. by reference. Any Second Amended Complaint submitted by Taylor shall be clearly designated as a Second Amended Complaint on the face of the document.

DATED this 10th day of March, 2022.

_____
Cindy K. Jorgenson
United States District Judge